this morning is Rojas against the Town of Cicero. Mr. Zimmer. May it please the court. My name is Austin Zimmer. I represent the appellate of the Town of Cicero. In this case we are here because the district court abused its discretion when it denied the Town of Cicero's request for sanctions against Dana Kurtz under section 1927. This court is well aware the purpose of 1927 is to prevent and deter abusive practices of lawyers. Here the district court found that Dana Kurtz engaged in a repeated pattern of misconduct. It was found by Judge Halderman at trial and it was agreed with by Judge Durkin when he reviewed our motion. 1927 seeks to ensure those attorneys that create a needed unnecessary cost are made to bear. 1927 sanctions are meant to compensate the injured party and compel the offending party to bear the cost of their behavior. The inquiry for this court is whether any reasonable person would agree with the district court. The district court abused its discretion. The district court abused its discretion because its opinion was clearly arbitrary here. The record contains no evidence upon which the court could have rationally based its decision. I'm surprised you're leading with this argument instead of the Rule 26 argument. Sanctions under Rule 26 are mandatory and it looks like the district court misunderstood that and thought it was a discretionary sanction. Your Honor, I agree with you that argument is a stronger argument. I think both arguments are strong. 1927 is not mandatory. Rule 26 is mandatory and the court clearly erred under Rule 26. As Your Honor recognizes, those sanctions are mandatory. The court did not issue any sanctions. The court then under Rule 26 granted clearly just that one potential sanction would be writing a nasty opinion, effectively a censure. So one question you need to deal with is why this opinion isn't effectively a censure, a sanction by itself. Under the Rule 26, Your Honor, there was no sanction. Look, just deal with my question. You're assuming, I to be monetary. What the rule says is there must be a sanction and then it says the sanction may include an order to pay reasonable expenses, including attorney's fees. That implies that the sanction can be a different kind. One thing that is generally understood to be a sanction is a judicial censure of an attorney, which is going to have bad consequences for reputation at the bar, certainly not going to help with malpractice insurance rates, and so on. The question I'm asking is why this opinion shouldn't be treated as a sanction by itself, as a censure of attorney Kurtz? Because the court did not treat that opinion as a censure or sanction of attorney Kurtz. The court's opinion was no additional monetary sanctions were warranted based on Judge Halderman's order and grant in a new trial. It did not treat the opinion as a sanction. And based on the settlement, right? Correct. I mean, I've got to say, if we had had a denial of sanctions, a second trial, a defense verdict, and nothing further, your argument would be more powerful. But it's pretty clear that the plaintiff had some significant evidence of wrongdoing, and rather than take the case to a second trial, the town settled. That is correct, Judge, and towns and their insurance companies settle cases for all sorts of reasons. But what's important is, we don't think the court should consider the settlement because, or consider the first verdict in the case, because that verdict was obtained through misconduct, a repeated pattern of misconduct. Without that misconduct, it's our position, and it was the court's position that that verdict would not have been able to be And what we talked about in our brief was, it's like a lawyer, a lawyer who steals money from his clients, misappropriates the funds, and then gets caught, and the punishment is simply, hey, give it back, with no further sanction by the bar, no further punishment. And here, that's what happened. The plaintiff was able to achieve a verdict through misconduct, the repeated pattern of misconduct that started an opening statement. And you got that vacated. We did get that vacated, Your Honor, and that is every litigant's right to a fair trial. Right, that's why you got it vacated. Correct. There's your remedy. No, it's not a remedy, Your Honor, because we believe under 1927, we are entitled to our costs and expenses. But that's a discretionary decision. There's nothing in 1927 that entitles anyone to anything. Rule 26 G3 does entitle the aggrieved party to a sanction, but not to a particular one. And you're not going to get anywhere by repeatedly asserting that you're entitled to money in some way. There are intermediate steps here. For Rule 26, yes, we are entitled to a sanction. We don't believe that the motion for a new trial didn't deal with a sanction. It wasn't a motion for sanction brought under Rule 26. And Judge Durkin's opinion denying our motions for sanctions, we don't believe it sufficiently addressed Rule 26. There was no analysis of the discovery violations. The discovery violations were very, very serious. The plaintiff had a bankruptcy. That bankruptcy was never disclosed to us during discovery. As this they control everything. And in this situation, if we would have known before the case went to trial that there was a pending bankruptcy, we could have dealt with the trustee of the estate. Or we could have brought a motion to dismiss based on plaintiff's lack of standing. These were all things we were unable to do because we weren't aware of the bankruptcy until it ended. There's also issues of estoppel. In the bankruptcy, the plaintiff believed this case was only worth $150,000 and was for lost wages. The complaint pled other relief, emotional damages. These were things that if we would have known about a trial, we could have presented to the jury. These are serious discovery violations and it's not the first time Ms. Kurtz has engaged in similar discovery violations. Swearingen L is another case where a motion to dismiss was brought against one of her clients where she failed to disclose a bankruptcy case. The Lujano v. Tana Cicero case was another situation where she failed to disclose a bankruptcy. It's under Rule 26. You're right. We are entitled to a sanction, Your Honor. It doesn't have to be monetary, but there was no sanction addressed in the court's order. The court just ignored it and just said, you know, you got the verdict vacated. That's enough. It did not address it. There was no analysis. That's not what the court said. It said you got the verdict vacated and you reached the terms of the settlement that you did. The court took care to not aware of what they were and concluded that that was a very substantial sanction and consequence. Let me ask you, you know, we've been treating the settlement as confidential under the orders so far. Since the government was paying, aren't public records requests sufficient to make this a public document? Sure. If somebody would FOIA the document, it would be producible under FOIA. So why should we keep it confidential in this court, particularly when it's so central to the district court's reasoning? Well, there's terms of the settlement agreement that the parties agreed to keep it confidential unless it was ordered by law or FOIA. Any reason why we should not order it? If you're ordering it, no, Your Honor. Thank you. Just additionally, as far as 1927, the analysis that this court needs to look at is whether the district court abused its discretion. And we believe the district court abused its discretion when it denied our motion for sanctions under 1927. Um, when it considered our motion for new trial being granted, we believe, um, that constitute abusive discretion. The Seventh Circus recognized the purpose of 1927 is deterrence and compensation. Um, and we believe that those goals are not merely served by protecting the party's right to a fair trial. And when our motion for new trial was granted, we believe that white right was being protected. But there's also the underlying policy considerations of 1927, and we believe that those weren't serving the case by merely restoring our right to a fair trial. Thank you. Thank you very much, Mr Zimmer. Mr Van Zandt. Morning, Your Honor. My name is James Van Zandt, and I'm counsel for the appellee. Um, the fact of the matter is that Judge Durkin considered all the issues that defendants raised in their motion. I'd like to jump right into a question. Is there anything in Judge Durkin's opinion which suggests that he appreciated that the award of some sanction under Rule 26 is mandatory? Um, I don't believe he specifically addressed that, Your Honor. But addressing Judge Sykes's question earlier, while Rule 26 says that some sanction is mandatory, the type of sanction is left up to the discretion of the trial court. The judge actually thought it was the discretionary sanction and said so. So he made a mistake of law. I would disagree with, to that extent, Your Honor. Well, you just answered by saying there's nothing in which Judge Durkin implies, says or implies, that he understood that Rule 26 is mandatory rather than discretionary. What? You would have a much better position if Judge Durkin had said, I understand I have to do something under Rule 26, and I now reprimand or agree with, Your Honor. However... But he didn't do that. What he did in this case, defendants were only seeking a monetary sanction. And Judge Durkin notes this on page 5 of his order. They weren't seeking a reprimand. They weren't seeking censure. And even in note 4, he notes that they weren't even seeking dismissal based on this alleged discovery violation. What they were seeking was money. And what Judge Durkin pointed out was, regardless of whether or not a rule violation had occurred, he did not find that it was appropriate to issue a sanction in their brief. But he didn't issue any other sanction. That is correct, Your Honor. That's the problem. And a sanction is mandatory. That is correct. And the judge specifically said that the sanction was discretionary. So that's a mistake of law. Well, the issue was whether or not monetary sanctions should be issued, Your Honor. No, the judge said a district court, in its discretion, may impose sanctions for discovery violations under Rules 26 and 37. That's wrong. I would agree that that rule statement itself is not exactly correct. So the judge misapprehended the rule. So it's got to go back for that reason alone. Well, this court could affirm for any reason in the record. And there are several bases that the court could affirm. No, the judge must impose a sanction. The rule gives the judge a choice of sanction. But that choice is given to the district judge, not to the Court of Appeals. I'm not sure... You might be happy, well, I don't know whether Ms. Kurtz would be happy, to have the Seventh Circuit issue a published opinion censuring her, formally censuring her. I don't know whether she would consent to that. But the choice belongs to the district judge, who didn't exercise it because he didn't understand what the rule says. I think that the issue here is that defendants were only seeking monetary sanctions. It wasn't a situation where they were asking for, Judge, we'd like you to issue a sanction under 26G. That doesn't matter. If the judge rejects the preferred sanction, he's got to issue something else. He can't just leave it be. Well, and part of the issue, too, Your Honor, is that Judge Strickland only presumed that, to the extent that there was any rule violation, he did not actually find that there was. Right, but there's no question there was a Rule 26 violation here. Well, I think that... The bankruptcy was suppressed. There is actually a significant question on that, Your Honor. What defendants are pointing out here is that, even in... I didn't read your brief as attempting to argue that there was no violation of the discovery rules. Well, I don't believe it's an issue on this appeal, Your Honor, but if we want to reach the merits... It is certainly an issue on appeal. Since this, part of this appeal, is about sanctions for violation of the discovery orders, one response would be, there was no such violation, and therefore there's no need for a sanction. But I don't understand your brief to have made such an argument. No, and that's the reason that we did not make that argument, was Judge Strickland presumed that, to the extent that any rule violation did occur, no sanction was... no monetary sanction, no additional monetary sanction was appropriate. So it wasn't an issue of whether or not... And that's the only kind of sanction that the defense was seeking? That is precisely correct, Your Honor. They weren't seeking any sanction. In particular... What... Mr. Van Zandt, I gotta say, I'm very troubled by the bankruptcy issue. What is the status of Mr. Rojas's bankruptcy at this point? My understanding from the record, Your Honor, is that he applied for bankruptcy in April 2009, and he was discharged in September 2009. Now, the record is also clear, and defendants acknowledge in their brief that Ms. Kurtz was not aware that Mr. Rojas had ever even filed for bankruptcy until the following year. This is about nine months later. She found out about it in January 2010. Now, so, so far as the discovery issue of whether or not there's an improper certification with substantial justification, which is the basis of the Rule 26g issue here, and I think the record is quite clear that she didn't know about it at the time. And moreover, if the... Were there discovery requests from the defense to which the bankruptcy documents would have been responsive? I don't believe so, Your Honor. The, the problem was the defendants never asked about bankruptcy, and there, there's case law, and this is dealt with extensively at Docket 604, that a bankruptcy is not considered a litigation in the normal meaning of the word, and that was part of... I'm sorry, what? What did you say? One of the issues is whether or not the bankruptcy was actually asked about, Your Honor. Yes. And I'm sorry, I misspoke there. The, and part of the issue, and this is treated in more detail at Docket 604, is that... I'm sorry, I didn't hear you. This is treated in more detail at Docket 604. Docket 604. One of the questions, and leaving aside whether or not... When Ms. Kurtz found out about the bankruptcy, one of the issues was whether or not defendants ever asked about it in their discovery requests in the first place, and that was something that Judge Durkan obviously did not, did not reach, because he presumed that whether or not there was such a rule violation, no monetary sanctions were appropriate. Turning to the, briefly to the Section 1927 issue, I think that the, as the Court is well aware, regardless of whether or not, unlike Section 26G, Section 1927 sanctions are completely discretionary with the trial court, regardless of whether or not there's a finding of vexatious and unreasonable conduct, and this was another situation where Judge Durkan noted that regardless of whether or not such conduct had occurred, no monetary sanctions were, were appropriate. And one of the other issues, and I think defendants have raised this quite thoroughly, is that Judge Holderman's original order, in which these findings were contained, by virtue of the settlement, was rendered completely unreviewable and unchallengeable. So regardless of whether or not, as a matter of historical fact, we disagree with these things or not, it's one of these things that we're stuck with in this appeal because of the settlement. Because the case settled after the new trial order was, was granted, Judge Holderman's findings are out there. And that was one of the things that Judge Durkan considered extensively in this case. It's not a situation where he simply denied sanctions from the bench. He wrote a fairly extensive opinion about this. He had the opportunity to read the briefs of the parties. He had the opportunity to observe the parties during not only hearings within court, but the parties and their attorneys during the settlement conference, which he himself conducted. And it was only after all of this, and considering everything in the record, that he came to his conclusion. So to say that this was a situation where he abused his discretion by not considering the facts and entire circumstances of the case, it's not, it's not that type of situation. Is there any reason, Mr. Van Zandt, from your perspective, why the terms of the settlement should remain confidential? That's, so far as the settlement agreement goes, Your Honor, the only, the monetary term is the only thing that's confidential and... Why? Do you think it ought to stay confidential and if so, why? I think based on Mr. Zimmer's concession, it should not. It's, it's one of the basic issues that Judge Durkin considered in the case. It was a significant issue. I'm happy to answer any other questions the panel may have, but seeing none, we ask that panel affirm the district court. Thank you. Anything further? Mr. Tobin, it looks like Mr. Zimmer left you a fraction of a minute. Good afternoon, Craig Tobin on behalf and in rebuttal. Judge, I would just like to point out to the court, counsel said that we never sought dismissal of the case. You can see in a footnote of Judge Durkin's order that we actually did seek dismissal and it was denied. We asked him to do it. I want to address something that was raised. I don't think any fair reading of Judge Durkin's opinion would constitute a censure. Judge Durkin merely affirmed what was said by Judge Holderman and took it no additional steps. And I would say to this court that you have it right, that a fair reading, and I have Judge Durkin's statement in front of me, he says that this is a discretionary, just like 1927 is discretionary, but it's our position it's not discretionary. There should have been sanctions imposed. The send this back for the assessment of some form of sanction on the discovery issues. Is there anything that would prevent Judge Durkin from saying the monetary consequences of this pattern of conduct are well in excess of a half a million dollars, that's enough? Judge, I guess following up what your honors had said earlier, I don't think that would be enough. I think he would have to engage in actual analysis of the wrongdoing. He can do that analysis and could he reach that conclusion? Not under the facts as they would be known to him. I mean legally could he say that? Yes Judge, but if it's not just about a bankruptcy that wasn't disclosed. I'm talking about the entire pattern. Yes. The trial behavior, the discovery problems, the works. Now consequences, financial consequences greater than just about any I've ever seen in litigation. I don't know how you can draw that conclusion because that's based on a premise that this case would have been won if it was tried fair and square. You can't look at ill-gotten gains. We know there's a settlement. That's right Judge and I hope when the numbers are disclosed to you you're going to see. I know them. I don't believe that that is a very large or substantial sanction. That's not imposed on the lawyer. If the settlement documents that I saw split the amount that Mr. Rojas and his counsel would get and they shared the pain. But you don't get to present a fee petition Judge unless you win according to the rules and so to say that we're going to take something you got illegally and use that as a set off and by the way when the discovery took place, the violations, when we disclosed them none of the judges knew about that. So when a new trial was granted it was never intended to be a sanction for the conduct that took place and then there's the policy question that you exchange a fundamental right. Thank you Mr. Tobin. Thank you Judge. The case is taken under advisement.